IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RENEGADE ACUPUNCTURIST MEDIA, LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>KIMBERLY THOMPSON,<br><br>           Defendant. | Civil Action No. 4:22-cv-03049-JD<br><br>**MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND RESPONSE IN OPPOSITION TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

YOU WILL PLEASE TAKE NOTICE that, on the tenth (10ᵗʰ) day after service hereof or as soon thereafter as counsel may be heard, counsel for the above-named Defendant, Kimberly Thompson ("Thompson"), hereby moves before this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing the above-captioned matter for failing to state a claim upon which relief may be granted. Alternatively, Thompson moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for an Order requiring Plaintiff provide a more definite statement in the Complaint so that Thompson can properly respond. Those claims set forth at present are so vague and ambiguous that Thompson cannot reasonably be required to frame a responsive pleading.

Succinctly stated, Plaintiff alleges Thompson attended Plaintiff's training seminars during which time some unidentified "proprietary" or "confidential" information was disclosed that Plaintiff now surmises might be included in a training session Thompson is sponsoring. Plaintiff further alleges execution of a non-disclosure agreement that would prohibit disclosure of the unidentified "proprietary" or "confidential" information. Based upon these speculative allegations, Plaintiff seeks recovery from the Court under the theories of (1) breach of contract,

(2) Unfair Trade Practices, (3) misappropriation, and (4) unjust enrichment. Plaintiff has also sought a preliminary injunction and temporary restraining Order to prevent the potential use of this unidentified "proprietary" or "confidential" information. Without identifying Plaintiff's alleged "proprietary" or "confidential" information, Plaintiff cannot establish whether, in fact, the information is "proprietary" or "confidential" such that Plaintiff's claims are actionable, or can claim protection. Without identifying the alleged "proprietary" or "confidential" information, Defendant cannot discern whether she ever received such information, or had knowledge of such subjects or topics prior to any interaction with Plaintiff such that Plaintiff was not the source. Without identifying the alleged "proprietary" or "confidential" information, Thompson cannot know what Plaintiff believes to be "proprietary" or "confidential" that Plaintiff alleges might be utilized by Thompson. Candidly, without knowing what information Plaintiff alleges to be "proprietary" or "confidential," Thompson cannot reasonably prepare a response. Furthermore, beyond the foregoing, Plaintiff has failed to allege that this nebulous and unidentified "proprietary" or "confidential" has actually been utilized improperly, instead focusing on the possibility that it might be utilized and disclosed.

### I.     Rule 12(b)(1) and (6)

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Battery Dynamics Grp., LLC v. One World Techs., Inc.*, No. 8:20-CV-793-JD, 2021 WL 3015306, at *2 (D.S.C. Feb. 25, 2021)(*citing Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009)(additional citations omitted)). "A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*quoting Iqbal*, 556 U.S. at 678.) "When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all

well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff." *Id*. (*quoting Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

As noted herein, Plaintiff's Complaint alleges four causes of action all arising from a potential use of unidentified "proprietary" and "confidential" information: (1) breach of contract, (2) Unfair Trade Practices, (3) misappropriation, and (4) unjust enrichment. While Plaintiff alleges that Thompson's program "will" include "proprietary" information (Complaint Para. 62, 66) the Complaint further outlines that Plaintiff received a response that Thompson has not breached any agreement. Complaint, Para. 65.  There was no other agreement referenced by Plaintiff that Thompson allegedly "breached."  Thus, despite Plaintiff's "fears" or speculation of "inevitable" disclosure, Plaintiff alleges in the Complaint that Thompson has responded that any confidentiality agreement has not been breached.  See Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)("To survive a Rule 12(b)(6) motion, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Philips quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)).  Each of Plaintiff's claims flow from the alleged "breach" of the confidentiality agreements and potential disclosure of the unidentified "proprietary" and "confidential" information.  Thus, the acknowledgement in the Complaint that these are merely speculative "fears" which Thompson has denied are fatal to each of Plaintiff's claims. *See Philips, supra*. Furthermore, even if such speculation can give rise to a viable cause of action, Plaintiff's speculation fails to demonstrate how the jurisdictional amount in controversy of $75,000 has been met. *See* 28 U.S.C. 1332(a), and therefore Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction. *See* Rule 12(b)(1), FRCP.  Finally, the failure to identify what might

be "proprietary" or "confidential" that Thompson might be using fails to satisfy even the minimal standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

In *Battery Dynamics Grp., LLC v. One World Techs., Inc.*, No. 8:20-CV-793-JD, 2021 WL 3015306, at *2 (D.S.C. Feb. 25, 2021), this Court had occasion to evaluate a Rule 12(b)(6) motion in a case alleging infringement upon alleged proprietary patent rights. In response to the original Complaint, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6). See 8:20-CV-793; Docket Entry 16. This motion outlines that the Complaint fails "to provide fair notice of what activity [Plaintiff] accuses of infringement such that [Defendant] may fairly evaluate the infringement allegations." Docket Entry 16, at 2. In response, Plaintiff filed an Amended Complaint which rendered the motion moot. See Docket Entry 22, 23, 24. Defendant's second motion to dismiss, this time moving to dismiss the Amended Complaint, is what gives rise to the subject opinion by this Court.

In contrast to the instant matter, the Amended Complaint in *Battery Dynamics* did provide sufficient detail regarding the "type and sequence in which the data flows" which put the Defendant on notice of what it was defending against. *Battery Dynamics*, at *2. Here, Thompson is not advised of what Plaintiff alleges is the "proprietary" or "confidential" information they fear will be disclosed. Without providing additional information, Plaintiff fails to state a claim upon which relief may be granted.

##  II.    Rule 12(e)

Alternatively, Thompson moves to require Plaintiff to provide a more definite statement. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Whether a motion for a more

definite statement should be granted is a matter 'generally left to the district court's discretion." *See Wright v. Boys and Girls Clubs of the Lowcountry*, 9:12-3243-SB, 2013 WL 3229719 (D.S.C. June 25, 2013)(adopting the Report and Recommendation of the Hon. Bruce Howe Hendricks to require a more definite statement). In *Wright*, the defendants moved to dismiss, or make a more definite statement, the defamation claim alleged by plaintiff as the defendants "contend that the plaintiff has not identified what statements were made, or by whom they were made, such that necessary defenses can be pled." *See Wright*, at *2. The Report and Recommendation of including more specifics so that the Defendant could properly respond, was adopted by the District Court.

Similarly, in *Hodges v. Sloan Constr.*, 7:13-cv-01799-JMC, 2013 WL 6903755 (D.S.C. Dec 31, 2013), the Honorable J. Michelle Childs adopted the Report and Recommendation to require a more definite statement in a pro se equal pay and Title VII claim to require specifics. The Report and Recommendation even notes the deference afforded to pro se pleadings (*see Hodges* at *3 (*referencing Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007)) before determining more detail is needed.

Akin to both *Wright* and *Hodges*, the instant complaint offers no more than vague generalizations regarding what they believe to be "privileged" or "confidential" and which Thompson is allegedly improperly utilizing. Beyond this, Plaintiff also fails to outline how the generalized jurisdictional amount has been calculated in an attempt to bring this matter within the subject matter jurisdiction of this Court. Much like an allegation of a defamatory statement without offering the details of the statement or the one to whom the statement is published, or an allegation of unfair pay without offering specifics on the work performed, the present allegations are so vague and ambiguous that Thompson cannot reasonably prepare a response.

Based upon the foregoing, in the alternative to dismissal, Thompson moves pursuant to Rule 12(e) for an Order requiring Plaintiff provide a more definite statement of the claims alleged, as requested herein, so that Thompson can properly respond.

### III. Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

As acknowledged by Plaintiff in their Memorandum (Docket Entry 5), "[a] party seeking a [TRO and] preliminary injunction must demonstrate that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm, (3) the balance of hardships tops in its favor, and (4) the injunction is in the public interest." *See Belimed, Inc. v. Bleecker*, No. 2:22-CV-00891-DCN, 2022 WL 939819, at *2 (D.S.C. Mar. 29, 2022)(citations omitted).  Plaintiff cannot meet these requirements and therefore the request should be denied.

#### A. Likelihood of Success

As outlined herein, Plaintiff's allegations fail to state a claim upon which relief may be granted.  Plaintiff's allegations fail to outline anything but speculative and ambiguous claims insufficient to give Thompson a reasonable opportunity to prepare a response.  Plaintiff does not meet this necessary element.

#### B. Irreparable Harm

Plaintiff's Complaint and Motion provide mere suggestion and inuendo that a claim might arise at some point in the future.  Such speculative claims are unable to support any causes of action alleged. *See Philips, supra*.  The speculative nature of these claims, as well as the ambiguity, reveal that no actual harm has been claimed or established, much less irreparable harm.  Plaintiff also fails to meet this required element.

#### C. Balance of Hardships

Plaintiff asks this Court to enjoin Thompson's activities on little more than "a hope and a prayer." Certainly the equities do not support enjoining activities when a party fails to properly put the defendant on notice of the claims against it. The equities favor denial of Plaintiff's motion.

D. Public Interest

Similar to the foregoing balance of hardships, the public interest is not supported by enjoining activity when a Complaint fails to put a defendant on notice of the claims against which it must defend. The public interest does not support enjoining Thompson.

IV. Conclusion

As outlined herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted and the Complaint should properly be dismissed. Alternatively, Plaintiff should be compelled to file an Amended Complaint with a more definite statement of the claims against Thompson. In either instance, Plaintiff's motion for a temporary restraining order and preliminary injunction should be denied.

Respectfully Submitted,

/s/ Jonathan M. Milling
Jonathan M. Milling (Fed. ID No. 7754)
MILLING LAW FIRM, LLC
2910 Devine Street
Columbia, South Carolina 29205
Tel: (803) 451-7700
Fax: (803) 451-7701
jmm@millinglaw.net
**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina
September 26, 2022